# ALSOP *v.* FEDARWISCH.

DEEDS; JOINT TENANCY; TENANCY BY ENTIRETY; RIGHT OF SURVIVORSHIP; ESTOPPEL.

1. A deed purporting to convey real estate to a man and his wife, and their heirs and assigns forever, creates either a tenancy by the entirety or a joint tenancy ; and on the death of one of the grantees the survivor will become entitled to the whole estate by right of survivorship ; *distinguishing* Carroll *v.* Reidy, 5 App. D. C. 59.

2. The estate created by such deed cannot be construed to be a tenancy in common where in certain independent covenants and reservations in the deed with respect to a road through the property and which have no necessary connection with the grant of the estate or the quality or character of the estate granted, the grantors and grantees are referred to as "party" of the first and second part, when in fact there are two parties on each side, and such covenants provide that the expense of keeping the road in repair shall be borne by the parties of the first and second part, "share and share alike."

3. Where the terms of such a deed are unambiguous, and after the death of one of the parties it is sought to show that their intention in taking the deed in their joint names was to create a tenancy in common, clear and unequivocal proof will be required.

4. That the husband (one of the grantees) in such case left a will devising his estate to his wife during widowhood and upon her remarriage to his children ; and that the wife, as executrix, administered the personal estate under the will ; and that, upon her remarriage, erroneously supposing that she took the estate under the will, she purchased the interest of one of the children, is not sufficient to show an intent of the parties contrary to the plain terms of the deed, or to estop her to claim the whole property by right of survivorship.

No. 610.  Submitted Nov. 4, 1896.  Decided November 17, 1896.

HEARING on an appeal by the defendant from a decree in a proceeding in equity to quiet title to certain real estate. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an appeal from the Supreme Court of the District of Columbia sitting as a court of equity, wherein the question in controversy is, whether the estate created in the appellee, Kunigunda Fedarwisch, by a certain deed set forth in the record, was a tenancy in common, a joint tenancy, or a tenancy by the entirety.

A deed of conveyance executed on September 7, 1869, and being in form an ordinary deed of bargain and sale, purported to convey certain real estate in the District of Columbia in fee simple to one Joseph Frank and his wife, Kunigunda Frank, now Kunigunda Fedarwisch, the appellee, as parties of the second part, and their heirs and assigns forever. Embodied in the deed were some independent reservations and covenants with respect to a road through a portion of the property conveyed, which reservations and covenants had no necessary connection with the grant of the estate, or with the character or quality of the estate that was granted. But in them the expression " party of the first part" and " party of the second part" are several times used, when, in fact, there were two parties on each side, husband and wife in each case; and in one instance there is a provision that " the said parties of the first and second part . . . will bear, share and share alike, the expense of keeping said road in good condition and repair."

Joseph Frank, the husband, died in 1876, leaving his wife, Kunigunda Frank, surviving him, and leaving a will rather peculiarly expressed, but from which it may properly be inferred that he devised and bequeathed all his estate to his wife as long as she remained single, and that, upon her remarriage, his children should become entitled, as though no will had been made. He also appointed his wife as the executrix of his will; and she became duly qualified as such, and administered the personal estate. But it does not appear from the record what real estate, other than that

mentioned in the deed to which reference has been made, Joseph Frank owned at the time of his death, or at the time of making the will, which was in the same year.

About three years after the death of Joseph Frank his widow, Kunigunda Frank, intermarried with one Lewis Fedarwisch, with whom she lived only a short time and from whom she was subsequently separated.

Upon this remarriage of the appellee the children of the first marriage claimed that they had thereby become entitled, in pursuance of their father's will, to their respective shares in the property. One of the children, Edward J. Frank, seems to have been specially active in the assertion of his claim; and the appellee settled with him, in 1895, by the payment to him of $600, in consideration of which he relinquished or conveyed to her his interest in the property. More recently the other children, and especially the appellant, Katharine Alsop, who had been married in the meantime to one Thaddeus Alsop, renewed the assertion of their claim.

All of the children for a time have been, and some of them yet are, living upon the property with the appellee, who earns her living by raising vegetables and selling them. And the appellant, Katherine Alsop, seems to be living separately upon part of the property.

The appellee filed her bill in equity to quiet her title to the whole estate, which she claims to own by right of survivorship, and to enjoin the children from setting up any title thereto. All the children, eight in number, seem to have been made parties to the suit as defendants; but whether they were served with process, or what defence, if any, they made, the record before us does not disclose. That record shows only an answer by Katherine Alsop individually, a replication to that answer, and a decree in favor of the plaintiff and in accordance with the prayer of her bill. It would appear from the decree that there was some testimony taken; but that testimony does not appear in the record, and it was probable unncessary that it should appear, inas-

much as the substantial questions before us sufficiently appear from the record as it stands.

From the decree quieting the title in the plaintiff, Kunigunda Fedarwisch, the defendant, Katherine Alsop, has appealed to this court.

*Messrs. Obear & Douglass* for the appellant :

1. Estates by the entirety have now no legal existence in this District. This has been so conclusively settled in the case of *Carroll* v. *Reidy*, 5 App. D. C. 64, that there remains no further room for discussion about it.

The estate, created by the deed, is either a joint tenancy or tenancy in common. If the former, the appellee, by right of survivorship, is the sole owner of the property in controvery; if the latter, the appellant has her undivided interest therein, and entitled to a dismissal of the bill. The old common law doctrine of joint tenancy, with its distinguishing incident of survivorship, has no rightful place in the jurisprudence of this country. It has been distinctly abandoned by the courts of nearly every State in the Union, some placing their decisions upon the ground that the *jus accrescendi* is hostile to the spirit of our laws; others, upon the ground that the right of partition accorded by statute to joint tenants, as well as to tenants in common, in effect, destroys survivorship. *Sergeant* v. *Steinberger*, 2 Ohio, 306; *Miles* v. *Fisher*, 10 Ohio, 1; *Wilson* v. *Fleming*, 13 Ohio, 68; *Lowe* v. *Brooks*, 23 Ga. 325; *Nichols* v. *Denny*, 37 Miss. 59; *Clark* v. *Clark*, 56 N. H. 105; *Whittlesey* v. *Fuller*, 11 Conn. 337.

The right of compulsory partition, in estates of this character, exists here, in virtue of act of Congress of 1876.

So objectionable and unfavored are such estates, that the courts are actually warranted, not only in seizing any and all substantial reasons for adjudications adverse to them, but " in exercising their ingenuity against them." 4 Kent, 361; Freeman on Cotenancy, Sec. 13; 1 Washburn on Real Property, 676; *Evans* v. *Brittain*, 3 S. & R. 136; *Galbraith* v. *Galbraith*, 3 S. & R. 392.

2. The deed creates a tenancy in common : (*a*) The property is conveyed to Joseph Frank and Kunigunda Frank, " their heirs and assigns." " Their heirs " obviously means heirs of Joseph Frank and Kunigunda Frank " or each of their heirs," and cannot, except by the most strained construction, be made to mean the heirs of only one of the grantees, *i. e.*, the survivor.

The deed here, according to the common law in this country, and apart even from statutory enactment, creates an estate in common. *Bradley* v. *Love*, 60 Texas, 473 ; *Shirlock* v. *Shirlock*, 5 Pa. State, 367 ; *Galbraith* v. *Galbraith*, 3 S. & R. 390; *Minor* v. *Brown*, 133 N. Y. 313. " Their heirs " cannot be operative if this estate is held to be a joint tenancy. To make this an estate in common it is sufficient, if expressions are used which cannot otherwise be operative. *Cooper* v. *Cooper*, 76 Ill. 57.

(*b*) " Share and share alike." This clause is susceptible of three interpretations, viz.: (1) That " share " means to refer to all the parties of the first part as constituting one share, and the parties of the second part, as together, constituting one share; or, (2) that the grantors and grantees have each a share—four in number; or, (3) the easements previously granted and reserved, having been confined to Charles Stewart on the one hand, and Joseph Frank on the other, that the shares referred to were those of Chas. Stewart and Joseph Frank. . The court can, with force and reason, adopt either. If the first, the expression quoted will be of no avail to appellant. If either second or third, it will suffice to show distinct interest—" shares "—in the grantees; if so, then we, unquestionably, have here a tenancy in common.

Such words as " amongst," " share," " alike," " severally," " respectively," " interest," " use," and the like—in fact, anything that will in the slightest degree indicate, or can be taken to indicate, a purpose on the part of the parties to the instrument, to create an estate in common, will suffice to

warrant the courts in so deciding.　Freeman on Cotenancy, Secs. 23, 24.

(*c*) The consideration was unequally paid by grantees— this makes an estate in common.　Freeman on Cotenancy, Sec. 20, and cases there cited.

(*d*) The estate conveyed lacks unity of interest—an essential of a joint tenancy.　"He" unquestionably refers to Joseph Frank.　It may be said this was an error in the deed; that this is making a very technical point; but there is no evidence that grantors did not mean "he" when that word was used.　Appellee is here seeking by a norrow, technical construction of this deed, to deprive her own children of their interest in this property.　We invoke the technical words of the deed only in defence of the real intent of the parties.

(*e*) There are reservations in the deed—and they destroy jointure.　*Wheeler* v. *Carpenter*, 107 Pa. State, 274; 11 Am. & Eng. Encyc. L., p. 1069.

(*f*) The real intent of the parties was to create a tenancy in common.　This is shown by the conduct of both parties. The deed was so construed by appellee, and for many years acquiesced in by her.

*Mr. Thomas M. Fields* for the appellee:

1. The deed from Stewart created an estate by entireties or a joint tenancy.　*Kendall* v. *U. S.*, 12 Pet. 524.　The weight of authority in this country under married woman's acts, is to the effect that they do not affect the entirety estate.　The whole subject will be found exhaustively discussed in an elaborate note to *Hiles* v. *Fisher*, 144 N. Y. 306.　Whatever some of the State courts have said against joint tenancies and entirety estates, the law of this District fully recognizes the present and past existence of joint tenancies, and the past existence of entireties.　*O'Brien* v. *Dougherty*, 1 App. D. C. 148; *Carroll* v. *Reidy*, 5 App. D. C. 59.

2. This deed, upon its face, does not create a tenancy in

common by reason of the use of the words, " their heirs."
These words are those commonly used to create an entirety or
a joint tenancy.   To say, instead of " their heirs," " the heirs
of each of them " would make a tenancy in common by the
common law by reason of the severance.   A joint tenancy
necessarily requires more than one person, and when in fee,
as in this case, the limitation is properly to " their heirs "
because two or more sets of heirs are involved, and until
one or more of the joint tenants dies or die it is utterly im-
possible to know what tenant's heirs are meant, and, as
those of any one of them may, by the death of the others,
be the heirs meant, the proper and usual way is to use the
words " their heirs."   Litt., Sec. 277 ; Challis on Real Prop-
erty,  294.

   *Butler* v. *Butler*, 2 Mackey, 99, expressly recognizes joint
tenancy in this District.   So also does *Maybury* v. *Brien*, 15
Pet. 21 ; and especially *O'Brien* v. *Dougherty*, 1 App. D. C.
148.   See also *Clark* v. *Harmer*, 5 App. D. C. 114.   It is
also recognized in *Carroll* v. *Reidy*, 5 App. D. C. 59.

   3. The words " share and share alike " in this deed are
not words of limitation.   These words in no wise refer to
the character of the estate conveyed.   They relate to both
grantors and grantees.   They do not in the least refer to or
define or limit the estate conveyed to the grantees, but re-
late solely to an entirely extraneous matter.   The language
is that all parties " will bear share and share alike, the ex-
pense of keeping said road in good condition."

   4. That the consideration was paid unequally by the
grantees is entirely immaterial in construing the deed.   The
deed speaks for itself.   It is to be constructed by its own
terms, and cannot be affected by matters *dehors*.   It recites
the consideration as paid by the parties of the second part,
but does not state in what proportions.   It is immaterial
that the whole consideration was paid entirely by one spouse
if he or she acquiesced in the deed to both.   *Ward* v. *Krumm*,
54 How. Pr. 95 ; *Garner* v. *Jones*, 52 Mo. 68.

5. The use of the words " party of the second part " doe
not deprive the estate conveyed of unity of interest. *Horden-*
*bergh* v. *Hordenbergh*, 10 N. J. L. 49. If the wife be named
in the *habendum* only, the husband being named in both
the premises and *habendum*, this is sufficient to include her
as a party. *McLeod* v. *Tarrant*, 39 S. C. 271.

6. The intent, conduct, or understanding of the parties
does not affect the construction of the deed. The fact that
a surviving joint tenant permits the children of a deceased
joint tenant to occupy the premises, or a part of them, from
the time of the death of the co-tenant until his own death,
makes no difference. *Barden* v. *Overmeyer*, 134 Ind. 660
(1892).

Mr. Justice MORRIS delivered the opinion of the Court:

On behalf of the appellee, a motion has been filed to dis-
miss the appeal, on the ground that the appellant has not in
any manner joined the other defendants in her appeal, and
that she has not resorted to the mode of summons and sev-
erance. And with this motion has been combined a motion
to affirm the decree appealed from, on the ground that the
appeal is frivolous. But in view of the condition of the
record with regard to the defendants other than the appel-
lant, we deem it unnecessary to entertain the motion to dis-
miss the appeal; and the motion to affirm the decree becomes
unnecessary in consequence of the views which we entertain
on the merits of the case.

The appellant's contention is that the deed to Joseph
Frank and Kunigunda Frank, his wife created a tenancy in
common, and not either a joint tenancy or a tenancy by the
entirety. And the argument is that, in the case of *Carroll*
v. *Reidy*, 5 App. D. C. 59, this court decided that tenancies
by the entirety between husband and wife have been abol-
ished in the District of Columbia by virtue of the Married
Woman's Act of April 10, 1869; that there are terms in the
deed of conveyance antagonistic to the theory of joint ten-

ancy, which it is claimed is not favored by the policy of our American law, and against which it is argued the courts should be astute to find reasons for its non-existence; and that therefore Frank and his wife necessarily took as tenants in common, in which event, upon the remarriage of the widow, one-half interest would have devolved upon the children as tenants in common.

But we did not decide, and we did not intend to decide, in the case of *Carroll* v. *Reidy,* that tenancies by the entirety as between husband and wife had been abolished in the District of Columbia by the Married Woman's Act. What we decided in that case is, that, when a deed of conveyance purported in express terms to convey real estate to husband and wife as tenants in common, they were competent at common law so to take, notwithstanding the doubts of some writers and even some adjudications to the contrary based upon the supposed impossibility that husband and wife, in view of their fictitious unity in law as one person, could take as tenants in common; and further, that, even if at common law husband and wife were incompetent to take as tenants in common, they had become competent under the Married Woman's Act, which had destroyed the fictitious unity of person upon which was based their supposed impossibility so to take. The effect of that act upon tenancies by the entirety it was unnecessary there, and it is unnecessary here, to determine. For whether the estate conveyed in the present case was an estate by the entirety or an estate in joint tenancy, is of no practical consequence here, inasmuch as the right of survivorship, incident alike to both of these classes of estates, would equally vest the whole estate in the appellee upon the death of her husband.

That joint tenancy exists in the District of Columbia, however much it may be disfavored, and however greatly it may often contravene the intentions of the parties to the instruments creating it, cannot now, of course, be reasonably questioned for a moment. It is for the legislative power

to abolish it, not for the courts. The doctrine that a conveyance by deed to two or more persons creates a joint tenancy, when it does not in exceptional cases create a tenancy by the entirety, unless apt words are used to show a contrary purpose and sufficient to create a tenancy in common, is too well established, not only as a rule of law, but likewise as a rule of property, to be seriously questioned at this late day. The argument for the appellant, however, we understand to be, not that joint tenancy does not exist in the District of Columbia, and is not the result of such a conveyance as we have indicated, but that, inasmuch as in our country courts will incline against it and will take advantage of any expressions that indicate a contrary purpose in the instrument of conveyance, the words in the deed before us for construction, to which we have already referred, should be deemed sufficient to justify the construction of this deed as creating a tenancy in common, rather than a joint tenancy or any other tenancy with the incident of survivorship.

We fail to be convinced by this argument, ingenious as it is. The terms of the deed both in the general granting clause and in the habendum clause are those that have been used from time immemorial for the creation of joint tenancies, and which have always and uniformly been construed to create estates in joint tenancy, or, as we have said, in the case of husband and wife, tenancy by the entirety. Excluding from consideration the independent covenants of the deed with regard to the road through the property, there is absolutely nothing whatever on which any inference could be based of an intention to create a tenancy in common. On the contrary, the very mention of the wife as a joint party of the second part, which otherwise would have been so unnecessary, and is in itself so unusual, is proof positive of an intention to give the estate incidental to the legal relation of husband and wife at the time, or

9 Ct. App.—28

else the estate of joint tenancy, when there are no words to indicate a different purpose.

And this conclusion is in nowise modified by the independent covenants in the deed. Even if such independent covenants could be allowed to overcome the plain terms of the body of the deed, which reason, and the overwhelming current of authority will not permit, we find nothing in these covenants which, fairly construed, would give to the deed the effect claimed on behalf of the appellant. The use of the singular number for the plural, or of the plural for the singular, is not an uncommon clerical error in deeds; and such error, even when occurring in the body of deeds, has never been allowed to overcome the plain import and legal significance of the residue. Occurring, as the incongruity does here, in independent covenants, it would not be justifiable to allow it to affect the substantial portion of the deed whereby alone the estate, whatever it is, has been created.

The only terms in the deed that would seem at all to be entitled to serious consideration in this connection, are the words, " share and share alike," used in reference to the question of expense for keeping the road in repair. And these terms, even if they could otherwise be construed as sufficient to convert an estate in joint tenancy created by deed into an estate of tenancy in common, are plainly applicable to the sharing of the expense between the parties of the first part and the parties of the second part; and it would be a most strained and unnatural construction that would extend them to a qualification of the estate taken by the parties of the second part as between themselves.

We are clearly of opinion that the deed in question cannot be construed as creating a tenancy in common, and that the tenancy thereby created was either an estate by the entirety or a joint tenancy. As we have said, it is unnecessary here to decide between these two, as the incident of surviv-

orship attaches to both ; and whether it be the one estate or the other, the appellee, having survived her husband, is now entitled, by operation of law, to the whole estate.

We fail to see how this conclusion can well be affected by the will of Joseph Frank, even if he owned no other property than his interest in the land now in controversy, or by the administration of the appellee as executrix of that will. It may be that Joseph Frank made the mistake of supposing that he owned an interest in this land which he could devise, or even that he owned the whole of it. That mistake did not make him such an owner; nor does the fact that the appellee administered his personal property under the will, estop her from showing the error. Even if she supposed that she was actually taking this real estate under her husband, it is not apparent that her error should estop her when she came to know the truth. No one was misled by either error to his own detriment; and none of the conditions are presented upon which the doctrine of estoppel is applicable. And the same observation is applicable to the matter of the settlement made by the appellee with one of the children. That settlement did not bind her to any one else, and did not in the slightest degree affect the rights of any other person.

But these several circumstances, we understand, are insisted on, not so much by way of estoppel, as by way of showing what the intention and understanding were of Joseph Frank and Kunigunda Frank, when they took the deed of conveyance in their joint names. But the deed is unambiguous in its terms. It needs no extraneous circumstances to show its purpose and intent. There is nothing to show that the deed was executed under a misapprehension of its contents. If estates are to be overthrown and new estates substituted in their place after the lapse of so many years and after the death of some of the parties to the transaction, clear and unequivocal proof of the mistake, it seems to us, should

be required for the purpose.   We fail to find such proof·or any sufficient proof to that effect in the circumstances narrated.

We are of opinion that the decree of the Supreme Court of the District of Columbia in the premises was correct, and that it should be *affirmed, with costs, and it is so ordered.*