## BENSON v. BENSON.
### BENSON et al. v. SAME.
#### Nos. 4938, 5006.

Court of Appeals of District of Columbia.

Argued March 5, 1930.
Decided April 7, 1930.

Petition for Rehearing Denied April 26, 1930.

John C. Kramer and Thos. H. Patterson, both of Washington, D. C., for appellants.

Raymond Neudecker and William C. Ashford, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

Appeals from a divorce and alimony decree granted by the lower court.

It appears that Gertrude M. Benson and Gordon W. Benson were lawfully married on October 9, 1915, in the city of Baltimore, Md.; that following their marriage they took up their residence in the District of Columbia and lived here as husband and wife until the year 1921. No issue was born of the marriage. On May 12, 1926, a bill of complaint was filed by Mrs. Benson, in the lower court against her husband charging him with cruelty and desertion, and with adultery with one Naomi Matthews, otherwise known as Naomi Benson, the co-respondent herein. She prayed for a decree of divorce a vinculo, and for alimony.

The defendant Gordon W. Benson answered denying the charges of cruelty, desertion, and adultery, and charging the plaintiff in turn with desertion and adultery. He also pleaded a decree of absolute divorce from plaintiff granted to him by the circuit court of Cook county, Ill., on August 12, 1925; and alleged that subsequent to the date of that decree he had married Naomi Matthews, the co-respondent.

The plaintiff thereupon filed an affidavit in the case wherein she denied the validity of the Illinois divorce, and alleged that defendant had practiced deceit, perjury, and fraud in obtaining the decree; that she had never been notified of the pendency of the Illinois suit nor had any knowledge thereof; that the defendant all the time knew plaintiff's address and concealed it from the Illinois court; that defendant went to Chicago for the sole purpose of obtaining a divorce; and that the court rendering the decree was without jurisdiction. The affidavit also denied the charges of desertion and misconduct set out in defendant's answer.

Testimony was introduced before the lower court to the effect that plaintiff and defendant had lived in Washington, having their domicile here, from the time of their marriage in 1915 until their separation in 1921, and that they never had any other domicile while living together; that plaintiff had since retained the same domicile; that in 1919 and thereafter plaintiff protested to both defendant and the co-respondent because of their association with one another, but both declined to give up such relations, and defendant stated that he loved the codefendant and he wanted plaintiff to leave; and that plaintiff in February, 1921, was compelled to leave defendant on that account. The testimony furthermore disclosed that from the

time of the separation in 1921 until 1926, plaintiff lived at her father's residence in the District of Columbia and her name was in the City Directory for those years, and that both the defendant and his mother had visited her there; that she had never received any notice of the Illinois court proceedings; that defendant arrived in Chicago on May 17 or 18, 1924, having left Washington on the 16th, and that his year's residence there expired on May 19, 1925; that he began his suit for divorce on the next day thereafter, charging plaintiff with desertion; that an absolute divorce was granted to him upon that ground on August 12, 1925; that defendant and the co-respondent were married in Chicago on September 14, 1925, and returned to Washington on October 29, 1925, and have resided here as husband and wife ever since.

It is in evidence that the statutes of Illinois [see Smith-Hurd's Ill. Rev. St. 1929, c. 22, § 12] provide that whenever any complainant shall file in the office of the clerk of the court in which his suit is pending "an affidavit showing that any defendant resides or hath gone out of this state, or on due inquiry cannot be found, or is concealed within this state, so that process cannot be served upon him, and stating the place of residence of such defendant if known, or that upon diligent inquiry his place of residence cannot be ascertained," the clerk shall cause publication to be made and also send a copy thereof by mail addressed to such defendant whose place of residence is stated in such affidavit. It appears that in alleged compliance with this requirement the defendant filed an affidavit in the Illinois case, and caused a registered letter containing notice of the suit to be sent to plaintiff addressed to her at the home of defendant's mother in Washington. The letter was returned unopened to the Illinois court with an indorsement in the handwriting of defendant's mother to the effect that "this party has not lived here since 1921." The notice accordingly never reached the plaintiff, although the defendant and his mother well knew at the time where plaintiff actually resided.

The lower court in the present case found upon the evidence in favor of the plaintiff, and granted her a divorce a vinculo from defendant, and a decree for alimony. These appeals were then taken by the defendant and the co-respondent.

■ In our opinion the ruling of the lower court is justified by the record. The evidence sustains the plaintiff's charge of adultery by the defendant and co-respondent, and does not sustain the charges brought against the plaintiff by the defendant. As to the Illinois decree, it is sufficient to say that this court has consistently held that a decree of divorce, obtained by a husband in a state which had never been the matrimonial domicile, and in which the husband obtained a simulated residence for the sole purpose of enabling him to procure a divorce therein, is not entitled to full faith and credit when pleaded by defendant in the courts of the matrimonial domicile against plaintiff who had received no notice of the divorce proceedings in the other state. Jacobi v. Jacobi, 45 App. D. C. 442; Diggs v. Diggs, 53 App. D. C. 56, 288 F. 262. And where the "full faith and credit" clause of the Constitution of the United States (article 4, § 1) is invoked to compel in one state the enforcement of a judgment rendered in another state, the question of the jurisdiction of the court entering the decree over the subject-matter and person of the defendant is always an open one. Thompson v. Thompson, 35 App. D. C. 14; Id., 226 U. S. 551, 33 S. Ct. 129, 57 L. Ed. 347. "It is a well established proposition that, where one spouse goes to a state other than that of the matrimonial domicile, and there obtains a divorce under a residence simulated for that purpose and not in good faith, the judgment is not binding upon the courts of other states." 19 C. J. 370. A suit for divorce brought in a state other than that of domicile of matrimony against a wife who is still domiciled therein is not a proceeding in rem justifying the court to enter a decree as to the res, or marriage relation, entitled to be enforced outside of the territorial jurisdiction. Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1.

■ We are of the opinion that the evidence below was sufficient to justify the conclusion that the purported service of notice upon the plaintiff by means of a registered letter sent to an address which defendant knew was not the correct one, and which plaintiff never actually received, was fraudulent, and that the Illinois court acquired no jurisdiction thereby over the person of the plaintiff, and the courts of the District of Columbia are not bound to give full credit to the decree entered in the case.

The record contains other questions relating to the procedure of the lower court in the taking of testimony, but in our opinion they are without substantial merit.

The decrees of the lower court are affirmed, with costs.