**FRAZIER v. FRAZIER.**

No. 5520.

Court of Appeals of the District of Columbia.

Argued Oct. 11, 1932.

Decided Nov. 7, 1932.

Albert W. Jacobson, of Washington, D. C., for appellant.

Raymond Neudecker and S. McComas Hawken, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District granting a limited divorce to appellee, Mrs. Rose M. Frazier, and restraining appellant from proceeding further with his suit for limited divorce filed in Virginia subsequent to the filing of the bill herein.

In her petition (filed January 18, 1929), Mrs. Frazier alleged that both parties were residents of the District of Columbia, and that they had lived here as husband and wife continuously from the date of their marriage here in April, 1920, to October 2, 1928, when appellant deserted her without cause.

To this petition appellant answered under oath, admitting the allegations of the bill as to residence, marriage, and income, and that his place of employment is here. More than two years later appellant filed a verified amendment to his answer, alleging that immediately following the separation he resumed his residence in the state of Virginia. In this amendment no attempt was made to explain the prior admission as to residence.

Upon the trial of the case, Mrs. Frazier produced evidence tending to prove the allegations of her bill, and appellant testified in his own behalf. He admitted that he was born in the District, and had lived here most of his life.

Defendant's testimony was concluded at 12:20 p. m., when his counsel stated to the court "that three additional witnesses for the defendant (appellant) would be in court at 1:30 p. m. and, in view of the fact that it was then 12:20, requested an adjournment until 1:30. The court thereupon stated that the witnesses should have been here and declined to adjourn the case. Whereupon the defendant rested."

Thereafter, on April 24, 1931, the court entered the above decree on the ground of desertion, "as alleged in the bill of complaint," and the finding that the decree for a limited divorce entered in favor of Frazier in the Virginia suit was not entitled to full faith and credit here, because the court granting the same was without jurisdiction, as Frazier at the time of filing the Virginia suit was, and continued to be, a resident of the District of Columbia.

The action of the court in denying appellant's motion for an adjournment is assigned as error. There are several reasons why this assignment is without merit. In the first place, the trial court was not advised as to the testimony expected to be given by these additional witnesses; nor was the court advised as to what efforts, if any, had been made to have the the witnesses in court; nor was any exception noted to the ruling of the court in denying appellant's motion. There is, therefore, no basis for this assignment. Cooper v. Sillers, 30 App. D. C. 567; Scott v. Herrell, 31 App. D. C. 45. Moreover, on this state of the record, it could not be said that the action of the court constituted an abuse of discretion. Coombs v. Coombs, 59 App. D. C. 30, 32 F. (2d) 421.

It is next contended that the court erred in finding that Mrs. Frazier was entitled to a decree on the merits. The trial was in open court. The learned trial judge, therefore, had full opportunity to observe the demeanor of the witnesses and to pass upon their credibility. In such circumstances, his findings on questions of fact have a weight similar to that of the verdict of a jury, "and will not be disturbed on appeal unless a mistake of judgment is so apparent as to demand a reversal." McLarren v. McLarren, 45 App. D. C. 237, 238. See, also, Cole v. Cole, 52 App. D. C. 302, 286 F. 764. While the evidence was conflicting, it justified a finding that Frazier's desertion of his wife resulted from an undue interest in another woman rather than from any fault of his wife.

The third assignment of error is based upon the action of the court in restraining appellant from prosecuting his suit which was filed in Virginia on October 3, 1929 (a year after he had without cause deserted his wife here). It appears that the decree which was entered in that case had not been enlarged to an absolute decree when the final decree was entered here. We are clearly of the view that the court below was justified in finding that Frazier was not a resident of the state of Virginia when he filed his bill there, and that he was then, and continued to be, a resident of the District of Columbia. The parties had lived here during the entire period of their marriage, prior to the desertion. In his answer Frazier, under oath, admitted that at the time of the filing of his wife's bill he was a resident of the District of Columbia; while two years later, in an amendment to his answer, likewise under oath, he in effect stated that at the time of the filing of his wife's bill he was a resident of the state of Virginia. His place of

employment was here; continued to be here; and the surrounding circumstances all tend to impugn his good faith and to disprove his contention as to residence.

It is established law that, where one spouse goes to a state other than that of the matrimonial domicile, and there obtains a divorce upon a residence simulated for that purpose and not in good faith, the judgment is not binding upon the courts of other states. Benson v. Benson, 59 App. D. C. 271, 40 F. (2d) 159; Diggs v. Diggs, 53 App. D. C. 56, 288 F. 262; Jacobi v. Jacobi, 45 App. D. C. 442; Frey v. Frey, 61 App. D. C. 232, 59 F.(2d) 1046, 60 Wash. Law Rep. 606.

It is also settled law that the authority of the court first taking control of the subject-matter of litigation continues until the matter is finally and completely disposed of, and that no court of co-ordinate authority is at liberty to interfere with its action. Davis v. Davis, 61 App. D. C. 48, 57 F. (2d) 414, 60 Wash. Law Rep. 236; Ponzi v. Fessenden, 258 U. S. 254, 260, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879; Orton v. Smith, 18 How. 263, 266, 15 L. Ed. 393. In Peck v. Jenness, 7 How. 612, 624, 12 L. Ed. 841, the court stated the rule as follows: "It is a doctrine of law too long established to require a citation of authorities, that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; and that, where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court."

In the present case the matrimonial domicile of the parties was in the District of Columbia. That the court below had jurisdiction of the subject-matter and the parties is too plain to admit of doubt; in fact, it is not questioned. The jurisdiction of the court having attached, it should have been allowed to pursue it to the end. In the circumstances, the court below, in aid of its jurisdiction and to render effective its decree, was clothed with power, notwithstanding section 720, R. S. (title 28, § 379, U. S. C. [28 USCA § 379]), to restrain appellant from proceeding further in the Virginia suit. Julian v. Central Trust Co., 193 U. S. 93, 112, 24 S. Ct. 399, 48 L. Ed. 629; Rickey Land & Cattle Co. v. Miller & Lux (C. C. A.) 152 F. 11; Southern R. Co. v. Simon (C. C.) 153 F. 234.

It results, therefore, that the decree below was right, and it is affirmed, with costs.

Affirmed.