**NOYES et al. v. PARKER.**
No. 6900.

United States Court of Appeals for the
District of Columbia.

Decided Aug. 23, 1937.

William Stanley and J. E. Burroughs, both of Washington, D. C., for appellants.

Benjamin S. Minor, E. Cortlandt Parker, and Chauncey G. Parker, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

MARTIN, Chief Justice.

This case relates to the construction of the last will and testament of John Sherman who died on October 22, 1900, a citizen and resident of the State of Ohio, and a United States Senator from that state.

The will was executed on December 22, 1890, and was duly admitted to probate and record in Ohio on November 15, 1900. At the date of the execution of his will the family of Senator Sherman consisted of his wife, Cecilia Stewart Sherman, and his adopted daughter, Mary Stewart Sherman, who was then unmarried. He was without issue of his own blood.

Senator Sherman died possessed of a large estate consisting in part of real estate located in the District of Columbia; and ancillary letters testamentary were issued to the executors by the Supreme Court of the District of Columbia.

In article one of his will Senator Sherman made various provisions for his wife in case she survived him.

In article second of the will he made the following provisions for his adopted daughter: "Article Second. I give, devise and bequeath to my adopted daughter, Mary Stewart Sherman the sum of One Hundred Thousand Dollars as follows. I hereby direct my executors within six months after my death with the consent and approval of my daughter to set aside, dedicate and designate as Mary's separate property so much of my estate as is equal in cash value to the said sum of One Hundred Thousand Dollars, one-half or more of which shall be productive real estate and the remainder in good income producing stocks, bonds and mortgages and the said property shall be held by my wife as long as she lives, as trustee for Mary, with power to reinvest and change security; the income and rents of said property or so much thereof as is necessary for the support and maintenance of Mary shall be paid to her as needed. Upon the death of my wife the principal, whether in real estate or securities shall be conveyed, transferred and delivered to Mary or to her issue in full ownership. If Mary should die without issue before the death of my wife this devise and bequest shall revert to my estate."

On January 15, 1900, Senator Sherman executed a codicil to his foregoing will. At this time his wife and adopted daughter were still living. The latter had been married to James I. McCallum, and two children had been born to them named John Sherman McCallum and Cecilia S. McCallum. In the codicil Senator Sherman included the following provision, to wit: "* * * My adopted daughter, Mary Stewart Sherman, having married since the execution of said will, to James I. McCallum and two children having been born to them named John Sherman McCallum, and Cecilia S. McCallum, now therefore to secure to my said daughter and to her children and to those born to her hereafter I hereby direct my executors to pay all sums and deliver all property to my said daughter in trust for her and to her children. I give to my daughter and to her children, in addition to the property granted in said will, the house and lot in the block on the north side of K Street, between Thirteenth and Fourteenth Streets, North West, and adjoining the residence in which I live, and I hereby authorize my executors to make a deed to said property."

On February 18, 1901, the executors of the will brought suit in the court of common pleas of Richland county, Ohio, which had jurisdiction over the settlement of the estate, naming Mary Sherman McCallum and her husband, James I. McCallum, together with their infant children, as defendants. The infant defendants were represented by guardians ad litem duly appointed and qualified as such.

The petition of the executors contained in part the following statements:

"The plaintiffs are in doubt about the meaning and true construction to be put on the following clause in the codicil, namely: 'My adopted daughter, Mary Stewart Sherman having married since the execution of said will, to James I. McCallum and two children having been born to them named John S. McCallum and Cecilia S. McCallum, now, therefore, to secure to my said daughter and to her children and to those born to her hereafter

I hereby direct my executors to pay all sums and deliver all property to my said daughter in trust for her and to her children.'

"The plaintiffs suggest whether the said clause creates a trust, and if so who are the beneficiaries and who is the trustee. And if a trust is thereby created whether the trust is valid under the statute against perpetuity and whether it is sufficiently certain and definite to be legal and capable of execution. They further suggest, that they have determined to pay said specific legacy in the manner following, to-wit: $60,000 in real estate and $40,000 in personal estate consisting of stocks, bonds, mortgages or cash as may be determined, and whether the respective parts which shall be paid in personal and real estate aforesaid shall be transferred and delivered to Mary Sherman McCallum in trust or in full ownership and if in trust on what terms and conditions. They suggest that the portion of the estate which shall go to said Mary Sherman McCallum as residuary legatee will be paid in both real and personal property or estate and if the said provisions of the will create a trust and the Court so construes the will, they ask to be instructed as to the terms and conditions on which the said residuary legacy shall be transferred to her."

On July 18, 1901, the Ohio court rendered a decision reading in part as follows: "2nd. That the provisions of said last will and testament relating to defendant, Mary Sherman McCallum, and the Codicil thereto, do not create a trust of the money and property bequeathed to her, but on the contrary gives her an absolute fee or estate in said money and property and the said Executors are directed to pay to her all money and convey all property, real and personal according to the construction made in this decree."

Thereupon, on July 20, 1901, the executors executed and delivered to Mary Sherman McCallum, designated in the will as Mary Stewart Sherman, a deed of conveyance reciting the terms of the will and codicil and conveying to her in fee simple among others certain parcels of real estate situate in the District of Columbia in conformity with the provisions of the will and codicil as construed by the Ohio court.

Afterwards Cecilia Sherman McCallum, daughter of Mary Sherman McCallum, was married and her married name appears in the record as Cecilia Sherman McCallum Parker. John Sherman McCallum, son of Mary Sherman McCallum, was married to Rosita Hernandez de Texada (Noyes); two children, Irene McCallum and Marie Rose McCallum, were born of this marriage and are parties plaintiff and appellants herein. Their father died intestate on May 11, 1924.

On August 1, 1934, Mary Sherman McCallum died about ten years after the death of her son John Sherman McCallum. By her last will and testament which was duly admitted to probate and record by the Supreme Court of the District of Columbia she bequeathed the sum of $500 each to her granddaughters, Irene McCallum and Marie Rose McCallum, payable with accumulations when they respectively attained the age of 21 years, and save for several minor bequests bequeathed and devised all the rest and residue of her property of every character, wherever situate in fee simple and absolute estate to her daughter, Cecilia Sherman McCallum Parker, provided she should survive the testatrix. The devisee so named survived the testatrix and was made defendant in the present case in the lower court, and is now the appellee herein.

On August 19, 1936 Rosita Hernandez de Texada Noyes, Irene McCallum and Marie Rose McCallum her infant children, by their mother as next friend, filed in the District Court of the District of Columbia an amended bill of complaint against Cecilia Sherman McCallum Parker as defendant. In the bill they recited the facts above set out and claimed that under the will and codicil of Senator Sherman their grandmother, Mary Sherman McCallum, became and was entitled to only a life interest in the property mentioned in said will and codicil with remainder over upon her death to her two children, namely, John Sherman McCallum and Cecilia S. McCallum, now Cecilia Sherman McCallum Parker; and that said Mary Sherman McCallum became and was the trustee of the interest in remainder in said property for the benefit of John Sherman McCallum, and his sister, Cecilia Sherman McCallum Parker. The plaintiffs alleged that despite the ownership of the property as aforesaid, the said Mary Sherman McCallum undertook to possess, control, manage, and deal with all of the said real estate as if the same belonged to her individually in fee simple and sold and disposed of it as such. Among the said parcels of property were the certain lands

situate in the District of Columbia and devised as aforesaid by Senator Sherman in his will and codicil.

The plaintiffs prayed that the court should appoint a trustee to make division and partition of the real estate allotted under the will of John Sherman to Mary Sherman McCallum, John Sherman McCallum, and Cecilia Sherman McCallum Parker, now remaining in the possession of Cecilia Sherman McCallum Parker, or otherwise provide for such division and partition; and that the defendant be required to make full and complete discovery of all parcels of real estate which were conveyed to Mary Sherman McCallum pursuant to the will of Senator Sherman and the terms and conditions thereof and the disposition made by her of the proceeds of any sale thereof and that the court may declare a lien thereon and pending division and partition thereof that the defendant be restrained and enjoined from making sale or otherwise disposing of any of such property and for such other and further relief as to the court may seem meet and proper.

Thereupon Cecilia Sherman McCallum Parker filed her answer as defendant to the bill and set out, among other things, the following special defenses thereto:

That the adjudication in the Ohio court with respect to the construction of the will and codicil of John Sherman, deceased, is res adjudicata as to the plaintiffs' claim of ownership to an undivided interest, or to any interest, in the property bequeathed and devised by the will of the testator to Mary Sherman McCallum, and that they are estopped thereby from claiming any interest to the contrary;

That the codicil to the last will and testament of John Sherman, deceased, is properly to be construed as containing words of limitation, carrying the entire property bequeathed and devised by the will to Mary Sherman McCallum, and not as containing any words of purchase vesting title thereto, or interest therein, in either of the children of Mary Sherman McCallum;

That if Mary Sherman McCallum and her children, John Sherman McCallum and this defendant, in fact took any community of interest in the property in question, then under the laws in force at that time in the District of Columbia the parties took such property as joint tenants, and not as tenants in common, and upon the death of John

Sherman McCallum his interest therein passed in Mary Sherman McCallum and this defendant by right of survivorship, and upon the death of Mary Sherman McCallum the property passed to this defendant by right of survivorship, and the whole interest thereto became vested absolutely in defendant.

The cause was submitted to the lower court upon the bill and the special defenses raised in the answer. Whereupon the court held that the provisions of the last will and codicil of Senator Sherman relating to his adopted daughter, Mary Sherman McCallum, do not create a trust of the real estate, but give to her an absolute estate in fee simple, in and to the real estate situate in the District of Columbia, and that the special defenses set forth in the answer of the defendant are well founded in law.

The court thereupon dismissed the amended bill of plaintiffs, and the present appeal was then taken.

In our opinion the decree of the Ohio court was without effect respecting the real estate located in the District of Columbia and devised by the will and codicil of Senator Sherman. It is a well-established principle of law that jurisdiction over questions of title to real property is possessed exclusively by the courts of the situs of such property. This applies to conveyance by grant and to devises by will, or by the purported judgment of a foreign court.

In DeVaughn v. Hutchinson, 165 U.S. 566, 17 S.Ct. 461, 462, 41 L.Ed. 827, a case relating to real property located in the District of Columbia, the United States Supreme Court said:

"It is a principle firmly established that to the law of the State in which the land is situated we must look for the rules which govern its descent, alienation, and transfer, and for the effect and construction of wills and other conveyances. United States v. Crosby, 7 Cranch 115 [3 L.Ed. 287]; Clark v. Graham, 6 Wheat. 577 [5 L.Ed. 334]; McGoon v. Scales, 9 Wall. 23 [19 L.Ed. 545]; Brine v. Insurance Co., 96 U.S. 627 [24 L.Ed. 858].

"Accordingly, in the present case, we are relieved from a consideration of the innumerable cases in which the courts in England and in the several states of this Union have dealt with the origin and application of the rule in Shelley's Case. We have only to do with that famous rule as expounded and applied by the courts of

Maryland while the land in question formed part of the territory of that state, and to further inquire whether, since the cession of the lands forming the District of Columbia, there has been any change in the law by legislation of congress."

See, also, Clarke v. Clarke, 178 U.S. 186, 190, 20 S.Ct. 873, 44 L.Ed. 1028; Olmstead v. Olmstead, 216 U.S. 386, 30 S.Ct. 292, 54 L.Ed. 530, 25 L.R.A.(N.S.) 1292.

In our opinion, accordingly, the contention of appellee that the decision of the Ohio court is res adjudicata of the present issue cannot be sustained.

■ A reading of the codicil to the will of Senator Sherman, supra, leads us to the conclusion that he did not intend a devise to his adopted daughter of a fee simple-estate in the lands affected thereby.

The language of the codicil seems to admit of no other construction than that the daughter was not to take a fee-simple estate in her own right but was to take a life estate with remainder over in fee to her children.

The gift to the daughter in the codicil is not to her alone nor to her and "her heirs," but it is to her and "to her children." The word "children" as used here is not a word of limitation but a word of purchase, and vested a remainder in fee in the two children of Mary Sherman McCallum, subject to being opened up to let in any subsequently born child.

In Stump et al. v. Jordan et al., 54 Md. 619, 628, the court said: "We find nothing in either or both of these devises over, which induces us to suppose the testator had a general intent requiring a sacrifice of the particular intent, or an enlargement of the estate for life given to the niece into an estate of inheritance, or the wresting of the word 'children' from its popular and ordinary legal signification of a word of purchase to a word of limitation. As said in 2 Wash. on Real Prop.(4th Ed.) 603, the recent cases show that the words 'child or children,' are in their usual sense words of purchase, and are always so regarded, unless the testator has unmistakably used them as descriptive of the extent of the estate given, and not to designate the donees.'"

In 28 R.C.L. 250 it is said: " 'Children' is a technical word, primarily one of purchase, not of limitation, and imports only immediate descendants. When this term is used the rule in Shelley's Case has no application, and where there is nothing in a will to show a contrary purpose, the rule is to hold an estate devised to a man and his children, or to a woman and her children, as a life estate to the first taker, with remainder to the children. Although the word children does not ordinarily have the same meaning as 'heirs', it may be construed as a word of limitation, and the equivalent of 'heirs', when the will requires such construction. For example it has been held that a fee simple in the first taker is created by a devise to one and his children 'for their use and benefit forever', since the use of the word 'children' in that connection is equivalent to heirs. The husbands or wives of a testator's children are neither children nor heirs, and therefore take nothing under a will leaving his property to be divided among his children and heirs."

See, also, DeVaughn v. DeVaughn, 3 App.D.C. 50, affirmed DeVaughn v. Hutchinson, 165 U.S. 566, 17 S.Ct. 461, 41 L.Ed. 827; Forest Oil Co. v. Crawford (C.C.A.) 77 F. 106; Forest Oil Co. v. Erskine (C.C.A.) 83 F. 109; Page on Wills (2d Ed.) Vol. II, § 967; 11 C.J. 753; Schaefer v. Schaefer, 141 Ill. 337, 31 N.E. 136.

■ The intent of the testator, which is, of course, paramount in all interpretations of wills, leads us unequivocally to this conclusion.

■ It should be noted again that the death of Senator Sherman occurred in the year 1900. This date was prior to the enactment by Congress of the Code of Law for the District of Columbia, which took effect on January 1, 1902. Until the later enactment (see sections 1027 and 1031, D.C. Code [D.C.Code 1929, T. 25, §§ 133, 276]), there was in force in the District of Columbia the common-law rule that a conveyance or devise to two or more persons either as a class or by name, without sufficient indication in the instrument of intention that they are to hold in severalty, should be construed as creating a joint tenancy and not as a tenancy in common. Therefore, finding as we do, that under the last will and codicil herein involved the testator devised only a life interest in the property to his adopted daughter and that her two children took a vested remainder therein; then under the law in force in the District of Columbia at the date of his death the children took as joint tenants with the right of survivorship and not as

tenants in common whatever may have been the intention of the testator in that regard.

In O'Brien v. Dougherty, 1 App.D.C. 148, 163, this court said: "But this devise is to the surviving children of the testator, without declaring that they should take as tenants in common, or that they should take the estate to be divided, share and share alike, or in any other manner. They took the estate, therefore, as joint tenants, with the right of survivorship among them; and that being so, the complainant can take nothing; for, both upon the death of her mother and the death of her aunt, Mrs. Mulloy, their shares or interests in the estate accrued to the remaining surviving children, members of the class capable of taking. This is simply the consequence of the right of survivorship, incident to a joint tenancy. * * * There is nothing in the case to sever the joint tenancy, and there is no statute in force in this District, such as that of Maryland of 1822, Ch. 162, and of other States, whereby it is provided that no · deed or devise shall be construed to create an estate in joint tenancy, unless it be expressly declared that the property shall be held in joint tenancy. The common law principle upon the subject prevails here."

In Alsop v. Fedarwisch, 9 App.D.C. 408, 416, it is said: "That joint tenancy exists in the District of Columbia, however much it may be disfavored, and however greatly it may often contravene the intentions of the parties to the instruments creating it, cannot now, of course, be reasonably questioned for a moment. It is for the legislative power to abolish it, not for the courts. The doctrine that a conveyance by deed to two or more persons creates a joint tenancy, when it does not in exceptional cases create a tenancy by the entirety, unless apt words are used to show a contrary purpose and sufficient to create a tenancy in common, is too well established, not only as a rule of law, but likewise as a rule of property, to be seriously questioned at this late day."

And in Seitz v. Seitz, 11 App.D.C. 358, 370, we said: "At the same time, we are compelled also to recognize the fact that it is an inflexible and inexorable rule of the common law, repeatedly declared to be in force in the District of Columbia, and become an absolute rule of property, which could not be disregarded without disturbing a vast number of titles and unsettling

the whole law of real estate, that a conveyance of land to two or more persons, without any sufficient indication of intention in the instrument of conveyance that the grantees are to hold in severalty, is to be construed as a joint tenancy, and not as a tenancy in common, whatever may have been the true intention of the parties in that regard. We know that this rule of the common law has been changed almost everywhere else by statute; but the Congress of the United States has not yet thought proper to change it in the District of Columbia, notwithstanding that its attention has been called to the subject; and we are bound by the rule as it stands."

It might be noted that in the last-cited case the conveyance was to two or more persons by name rather than by class.

It is contended by the appellants that the indispensable requisites of every estate of joint tenancy are the four "unities" of time, title, interest, and possession, and that in the absence of any one of these unities a joint tenancy cannot exist. Appellants claim that the tenancy of John Sherman McCallum and appellee under the codicil of Senator Sherman's will embodied only three of the four unities, to wit, interest, title, and possession, and that the unity of time is lacking. It is argued that in the present case the unity of time is lacking because the interest of the two children of Mary Sherman McCallum remain throughout her lifetime subject to the contingency of diminution upon the birth to her of one or more additional children; that the individuals who would ultimately take the estate in remainder could not finally be ascertained until her death when the possibility of further issue would become extinct. The conclusion is based upon the terms of the codicil which was made not only for the benefit of the adopted daughter's children then living but of "those born to her hereafter." It is contended that a child born after the death of the testator would have been entitled to share in the estate with his grandchildren, but that title of such after born child would have arisen later than theirs and deprived the entire cotenancy of the essential unity of time. This contention, however, is met by the fact that while the general rule at common law was that estates of joint tenancy must be created at one and the same time as well as by one and the same title, yet there were exceptions to this rule. It was held not to ap-

ply to conveyances under the statutes of uses and wills and it was considered sufficient if the parties took by the same conveyance although their interests vested at different times.

In 2 Minor's Institutes (3d Ed.) 465, it is said:

"In conveyances operating under the statutes of uses, and in devises, and probably also in grants, it is not needful that the original vesting of the several estates should be at the same time. It suffices if the parties take by the same conveyance. Thus, a devise to A and his children (A having one child at the time of the will, and others afterwards), carries a joint-estate to A and all his children, the estate vesting in those in existence at the time, afterwards opening to let in those subsequently born. * * *

"The tendency of the modern adjudications is to hold that it is a joint claim by the same conveyance, and not the vesting at the same time, which makes joint-tenants, and the rule is the same in conveyances at common law, and under the statutes of uses and wills."

See, also, 2 Blackstone Com. 181; 4 Kent's Com. 358; 1 Washburn Real Prop. 529; Freeman Cotenancy and Partition (2d Ed.) p. 65; Kenworthy v. Ward, 11 Hare 196, 45 Eng.Ch.Rep. 196; McGregor v. McGregor, 1 DeG. F. & J. 63.

We therefore hold that the two children of Mary Sherman McCallum jointly took a remainder in fee in the real estate in the District of Columbia devised by the will and codicil of Senator Sherman. Their estate being a joint estate, the right of survivorship existed. The defendant Cecilia Sherman McCallum Parker survived John Sherman McCallum, her brother and joint tenant, and her mother, who was the life tenant, being also dead, she is entitled to the estate in fee simple absolute.

We are therefore of the opinion that the appellants (plaintiffs below) have no interest or estate in the lands in question, and the judgment of the lower court is accordingly affirmed.

Affirmed.

GRONER, J., concurs in the conclusion.