**Grace P. FLETCHER, Appellant,**

v.

**Harry M. FLETCHER, Appellee.**

No. 1999.

Municipal Court of Appeals for the
District of Columbia.

Argued July 8, 1957.

Decided Sept. 20, 1957.

Alvin L. Newmyer, Jr., Washington, D.
C., with whom Mark B. Sandground, Washington, D. C., was on the brief, for appellant.

Jean M. Boardman, Washington, D. C.,
for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

A wife appeals from a judgment granting
her husband a divorce on the ground of
voluntary separation for five years.[1]
Her appeal raises the single question of
whether a Maryland judgment in a divorce
suit between the parties was res judicata
of the issue of voluntary separation.

The Maryland suit was instituted by the
husband in March 1955 and sought a divorce on the ground that the parties had
voluntarily lived separate and apart, without any cohabitation, for three consecutive
years prior to the filing of the bill of complaint.[2] He alleged that he was a resident
of Westminster, Carroll County, Maryland,
and that the wife was a nonresident and resided in the District of Columbia. After
service by publication the wife filed an answer denying that the husband was a resident of Maryland and denying the voluntary separation of the parties. Trial was
had on July 15, 1955, and on May 24, 1956,
a decree was entered dismissing the complaint. This decree was preceded by an
opinion in which the trial court discussed

---

1. Code 1951, § 16–403.

2. Maryland Code 1951, Art. 16, § 33.

the testimony at length. The opinion concluded with the following paragraph:

"From the evidence in this case the Court must hold (a) that the plaintiff has not established that he is a bona fide resident of this County; (b) that he has not met the burden of proving that the settlement agreement was a voluntary agreement of separation, without any cohabitation, for three consecutive years prior to the filing of the bill of complaint and that such separation is beyond any reasonable expectation of reconciliation."

A little over two months after the Maryland decree the present action was brought. It is obvious that the five-year voluntary separation claimed in the present action included the three-year voluntary separation claimed in the Maryland action. The wife's position, as stated in her brief, is: "The judgment of the Circuit Court of Carroll County, Maryland, adjudicated the issue of whether there had been a voluntary separation between the parties, * *." The husband states his position. as follows: "Having adjudged itself to be without jurisdiction to grant a divorce, the Maryland court was without jurisdiction to make valid and binding adjudication with respect to the alleged grounds for the divorce."

It will be noted that the Maryland court held that the husband "has not established that he is a bona fide resident of this County." We take this to mean that the court found the husband was not a bona fide domiciliary of Maryland, because "residence" as used in divorce laws means domicile,[3] and the husband made no claim to be a resident of any county of Maryland other than Carroll County. It should also be noted that the Maryland court did not find lack of the required residence period, but lack of res-

idence itself.[4] If the husband was not domiciled in Maryland then neither party had a domicile there, because both conceded she was a nonresident of Maryland.

██ The authorities generally appear to be in accord in holding that a court has no jurisdiction to grant a divorce when neither party is domiciled within the state. In Williams v. State of North Carolina, 325 U.S. 226, 229, 65 S.Ct. 1092, 1095, 89 L.Ed. 1577, it was said: "Under our system of law, judicial power to grant a divorce—jurisdiction, strictly speaking—is founded on domicil." Restatement, Conflict of Laws, § 111, says: "A state cannot exercise through its courts jurisdiction to dissolve a marriage when neither spouse is domiciled within the state." In Jennings v. Jennings, 251 Ala. 73, 36 So.2d 236, 3 A.L.R.2d 662, it was held that a statute could not validly confer jurisdiction to grant divorces to nonresidents, even though both parties personally appeared. Maryland has consistently ruled that domicile of one of the parties is necessary to confer jurisdiction. Adams v. Adams, 101 Md. 506, 61 A. 628; Walker v. Walker, 125 Md. 649, 94 A. 346; Epstein v. Epstein, 193 Md. 164, 66 A.2d 381. And so has the District. Frazier v. Frazier, 61 App.D.C. 279, 61 F.2d 920; Benson v. Benson, 59 App.D.C. 271, 40 F.2d 159; Diggs v. Diggs, 53 App.D.C. 56, 288 F. 262. As may be expected in all matters concerning divorce, some doubts have been expressed on the subject. See Justice Clark's dissent in Granville-Smith v. Granville-Smith, 349 U.S. 1, 16, 75 S.Ct. 553, 99 L. Ed. 773, and Judge Hastie's dissent in Alton v. Alton 3 Cir., 207 F.2d 667. See also Crownover v. Crownover, 58 N.M. 597, 274 P.2d 127, and David-Zieseniss v. Zieseniss, 205 Misc. 836, 129 N.Y.S.2d 649. In view of the established rule here and in Maryland, we hold that lack of the husband's

---

3. Epstein v. Epstein, 193 Md. 164, 66 A.2d 381; Rogers v. Rogers, 76 U.S.App.D.C. 297, 130 F.2d 905.

4. The Maryland Code 1951, Art. 16, § 39, provides that no one may apply for a divorce, where the causes for divorce occurred out of the state, unless the plaintiff or defendant "shall have resided within this State for one year next preceding such application."

domicile in Maryland deprived the Maryland court of jurisdiction.

■ Having no jurisdiction of the cause, the Maryland court had no power to pass upon any issue going to the merits, and its ruling that the separation was not voluntary was not res judicata of that issue when presented in the Municipal Court. "The doctrine of res judicata is that, 'an existing final judgment or decree rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties or their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue and adjudicated in the first suit.' 2 Freeman, Judgments (5th ed. 1925), Sec. 627, p. 1322." Brown v. Brown, 74 App.D.C. 309, 310, 122 F.2d 219, 220. "A judgment in one State is conclusive upon the merits in every other State, but only if the court of the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment." Williams v. State of North Carolina, 325 U.S. 226, 229, 65 S.Ct. 1092, 1095, 89 L.Ed. 1577. See also Gardner v. Gardner, 98 U.S.App.D.C. 144, 233 F.2d 23; Noyes v. Parker, 68 App.D.C. 13, 92 F.2d 562.

Having answered adversely the only question raised by appellant, the judgment must be affirmed.

Affirmed.