## DIGGS v. DIGGS.

(Court of Appeals of District of Columbia. Submitted February 9, 1923. Decided April 3, 1923.)

### No. 3855.

1. **Divorce ⬡─184(10)—Trial court's finding not reversed, unless clearly unsupported by evidence.**

The trial court's finding that defendant's residence in another state was fraudulent, because obtained merely for the purpose of procuring in that state, which had never been the matrimonial domicile, a divorce on which he relied to defeat plaintiff's right to separation will not be reversed, unless clearly unsupported by the evidence in the record.

2. **Divorce ⬡─329—Foreign default decree held not entitled to full faith and credit, where wife not served.**

A decree of divorce, obtained by a husband in a state which had never been the matrimonial domicile, and in which the husband obtained a simulated residence for the sole purpose of enabling him to procure a divorce therein, is not entitled to full faith and credit, when pleaded by defendant in the courts of the matrimonial domicile against plaintiff, who had received no notice of the divorce proceedings in the other state.

Appeal from the Supreme Court of the District of Columbia.

Suit by Susannah Diggs against Arthur J. Diggs. From decree granting plaintiff a divorce a mensa et thoro, the defendant appeals. Affirmed.

Henry Heath, of Washington, D. C., for appellant.
Fountain Peyton, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. This is an appeal from the decree of the Supreme Court of the District of Columbia, granting a divorce a mensa et thoro to Susannah Diggs, the plaintiff, from Arthur J. Diggs, the defendant. In her petition the plaintiff alleged that she was married to the defendant in the month of March, 1910, and that they continuously thereafter lived together as husband and wife in the District of Columbia until the month of February, 1917, when the defendant abandoned her without cause; that the defendant was thereupon adjudged to pay her a small allowance per week by the juvenile court of the District, and he continued to make these payments until March 11, 1921; and that he then refused to make any further pay-

ments, upon the claim that he had procured a divorce from the plaintiff on February 21, 1921, in the state of Virginia. Plaintiff averred that defendant had lived continuously in the District of Columbia ever since their marriage, and never was a citizen of Virginia; that he had no just grounds to procure a divorce from her; and that she had no notice or knowledge of said divorce proceedings. She averred furthermore that defendant knew her address at said times and was paying her the weekly allowance aforesaid. Plaintiff claimed that any divorce thus procured by defendant was fraudulently obtained, for the purpose of defeating plaintiff's rights, and she accordingly prayed that it be declared null and void, and that she be granted a decree of separate maintenance and alimony upon the ground of desertion, and for general relief.

The defendant, by answer, admitted his marriage to plaintiff, and alleged that he had been compelled to leave her because of her own misconduct; that he had been a resident of the District of Columbia until the month of October, 1919, when he changed his residence in good faith to Rosslyn, Va.; that on November 6, 1920, he duly filed in the proper court of Virginia a bill for divorce against plaintiff; and that on February 21, 1921, a valid decree of absolute divorce from her was awarded to him by said court. He averred that the divorce case was prosecuted and the decree entered in strict conformity with the laws of Virginia. No actual notice of the pendency of said proceedings was ever served upon plaintiff, but defendant denied all charges of bad faith upon his part. A duly certified copy of the decree of divorce was attached to the answer, and it is claimed by defendant that "full faith and credit" should be given to it by the courts of the District of Columbia, under section 1, article 4, of the federal Constitution.

The issue thus defined was decided by the trial court in favor of the plaintiff. The court found upon the testimony that the matrimonial domicile of the parties had been established in the District of Columbia, "and that the defendant went to Virginia for the fraudulent purpose of procuring a divorce from the plaintiff without her knowledge." A decree of divorce from bed and board, with alimony, was accordingly awarded to the plaintiff.

[1] It is manifest, from the foregoing statement of the issue, that the controlling question at the trial below was whether the defendant's conduct in procuring the divorce in Virginia was fraudulent, as claimed by the plaintiff. The court heard the testimony upon the subject and decided that it was. The question before us, accordingly, is whether that decision is so clearly unsupported by the evidence in the record as to constrain this court to reverse it. McLarren v. McLarren, 45 App. D. C. 237; Snow v. Snow, 50 App. D. C. 242, 270 Fed. 364.

[2] We do not think it necessary to discuss the testimony in detail; we content ourselves with saying that the decision of the trial court is altogether consistent with the fair interpretation of the evidence before it. Considering the testimony in its entirety, it fairly appears therefrom that the defendant had long been domiciled in the District of Columbia, being employed there as a chauffeur; that he

had left the plaintiff in the month of February, 1917, complaining of her conduct; that these complaints were not sustained by the weight of the evidence produced at the trial; that the juvenile court of the District of Columbia had adjudged the defendant to pay plaintiff a certain weekly allowance toward her support; that the defendant in the month of October, 1919, professed to remove his residence to the state of Virginia; that in fact the alleged removal was not genuine, but was a pretense only, and did not have the effect in law of an actual removal of defendant's domicile from the District to that jurisdiction; that the divorce there awarded to him upon the ground of desertion, without the knowledge of his wife and without notice to her, was a fraud upon her; and that the decree was not entitled to "full faith and credit" when pleaded by the defendant in the courts of the District of Columbia.

It is a well-established proposition that, where one spouse goes to a state other than that of the matrimonial domicile, and there obtains a divorce under a residence simulated for that purpose and not in good faith, the judgment is not binding upon the courts of other states. 19 Corpus Juris, 370. The fact that Virginia was never the matrimonial domicile of the parties, and that the defendant's claim to a residence there was not genuine, but fraudulent, serves to differentiate this case from many of those cited by counsel. See, however, Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794, Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1, and Thompson v. Thompson, 226 U. S. 551, 33 Sup. Ct. 129, 57 L. Ed. 347.

The decree is affirmed, with costs.