### SEARS v. SEARS.
### No. 6905.

United States Court of Appeals for the District of Columbia.

Decided July 26, 1937.

Charles E. Paine and Harlan Wood, both of Washington, D. C., for appellant.

Raymond Neudecker and James E. Shifflette, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

MARTIN, Chief Justice.

On May 18, 1934, the appellant, Teresa H. Sears, as plaintiff, filed a bill of complaint in the District Court of the United States for the District of Columbia, against John R. Sears, whom she described as her husband, praying for a limited divorce from him and for alimony. The plaintiff alleged that on November 12, 1927, plaintiff and defendant were lawfully married in the city of Washington, D. C.; that until the month of September, 1930, the parties lived together in harmony, and that plaintiff discharged her duties as the wife of defendant, but that defendant abused plaintiff, choked her, and was accustomed to call her vile and obscene names, causing her great mental suffering; and that he abandoned her without cause and refused to provide for her, although he was possessed of property worth more than $30,000 and had an income of $35,000 a year. Plaintiff prayed for a decree of limited divorce and for alimony.

The defendant by his answer and cross-bill alleged that on November 12, 1927, he

and plaintiff participated in a form of marriage ceremony at Washington, D. C., and that following the ceremony the parties lived and cohabited together under color and by virtue of it for some time; but he alleged that plaintiff did not conduct herself as a good and affectionate wife, but was quarrelsome, and made his domestic life unbearable and seriously impaired his health thereby.

The defendant further averred that on October 3, 1910 the plaintiff at Rockville, Md., was lawfully married to one Ernest G. Hargett, by whom she had two children still living; that plaintiff afterwards reported to defendant that she had obtained a decree of absolute divorce from Hargett on August 27, 1924, and was entitled lawfully to enter into marriage relations with defendant. Defendant averred, however, that plaintiff had not secured a divorce from Hargett, and that the ceremony entered into between plaintiff and defendant on November 12, 1927 at Washington, D. C., was therefore illegal and void.

The defendant further averred that the plaintiff on May 16, 1924, in the corporation court of the city of Alexandria, Va., filed a certain bill of complaint against her husband Hargett alleging therein that she was a resident of and domiciled in the city of Alexandria, and had been continuously and uninterruptedly so domiciled for more than one year prior to the filing of the bill.

Plaintiff alleged in her bill that her husband Hargett had deserted her without just cause or excuse while living at Frederick, Md., and she prayed the court to award her a divorce a vinculo matrimonii from him on the ground of willful desertion and abandonment.

Defendant averred that writs of summons in the suit were served on Hargett at New Bern, N. C., in May and June 1924, but he filed no answer nor did he appear in the case, and on August 27, 1924 a final decree purporting to award to plaintiff a divorce a vinculo was entered by the corporation court of the city of Alexandria, Virginia. Defendant averred that plaintiff had not resided in the state of Virginia for one year prior to the filing of her bill; had not in good faith resided nor been domiciled in that state for any time prior to the filing of her bill; but had maintained only a simulated and fraudulent pretense of such residence, and thus obtained her divorce by deception practiced upon the court. Defendant alleged that the court was without jurisdiction under these circumstances to grant said alleged divorce. Defendant therefore averred that at the time of his alleged marriage with plaintiff on November 12, 1927, plaintiff had a lawful husband then living, namely, Ernest G. Hargett, from whom she had not been divorced, and he prayed that upon final hearing of the case he be granted a decree annulling the ceremony of marriage participated in by the defendant and plaintiff on November 12, 1927, upon the ground that plaintiff had at that time a living husband from whom she was not divorced.

By replication plaintiff alleged that she was legally divorced in the state of Virginia from her previous husband, Ernest G. Hargett, on August 27, 1924; that she was then and had been actually a legal resident and domiciled in the city of Alexandria, Va., for more than one year immediately prior to the time when she filed her bill for divorce from her former husband, as was required by the laws of Virginia. She avers that the final decree awarding her an absolute divorce from Hargett was then and is now valid, true, and binding.

The case was heard upon evidence by the lower court, and the testimony submitted therein is contained in the present record. The record also contains a finding of fact by the lower court. We may repeat what was have said in former cases that the findings of the trial justice, who has seen and heard the witnesses, will not be disturbed, unless it clearly appears that he misapprehended the evidence, or that his findings were against the clear weight of the evidence. McLarren v. McLarren, 45 App.D.C. 237, 238; Pollock v. Jameson, 63 App.D.C. 152, 70 F.(2d) 756, 759; Hill v. Marston, 65 App.D.C. 250, 252, 82 F.(2d) 856. In this case, moreover, our examination of the record convinces us that the finding of fact made by the trial justice is correct.

It appears that plaintiff was lawfully married to Ernest G. Hargett at Rockville, Md., on October 3, 1910. They lived and cohabited together as husband and wife until some time in September 1921, when plaintiff was compelled to leave her husband because of his drunkenness. However, they afterwards met and cohabited together upon week-end occasions until some time in October, 1922, when he finally deserted her and went to live in North Carolina. Two

children, a boy and a girl, were born of this marriage, the boy in 1911, the girl in 1919.

On May 7, 1924, Hargett instituted a suit for an absolute divorce from her in the superior court of Pitt county, N. C., and alleged in his bill that she had abandoned him on or about October 1, 1918, and had since lived separate and apart from him. In these proceedings Hargett alleged under oath that he had been a resident of the state of North Carolina for five years prior to the bringing of his action and the filing of his complaint. An order of publication for the defendant in that case (plaintiff herein) was published as required by the statutes of North Carolina in such case, but she did not appear in the proceeding and Hargett was granted an absolute divorce at the May term, 1924, of the North Carolina court. There was a finding by a jury according to the procedure of the court that the defendant wife had abandoned the plaintiff and lived separate and apart from him for five years prior to the filing of the complaint and a further finding that the plaintiff had been a resident of the state of North Carolina for five years just prior to the beginning of his action and the filing of his complaint. On these findings an absolute divorce was granted to Hargett, who subsequently married and has two children by that marriage. He lives in North Carolina.

Under the statutes of North Carolina a divorce upon the ground of desertion cannot be granted unless there be a continuous separation of the parties for five years preceding the beginning of the case and that the plaintiff similarly has been a resident of the state for 5 years. Consolidated Statutes North Carolina 1919, § 1659, subsec. 4, as amended by chapter 63, Pub.Laws 1921. These provisions are jurisdictional, and, inasmuch as they were not complied with in Hargett's case, the court of North Carolina was without authority to grant such a divorce, consequently this effort of Hargett to secure a divorce was unsuccessful and the marriage between him and his then wife, plaintiff herein, was not dissolved thereby.

Afterwards, to wit, on May 16, 1924, the plaintiff in the present case filed a bill for an absolute divorce from Hargett in the corporation court of the city of Alexandria, Va. A writ of summons was issued and served upon Hargett, but he made no appearance in the case. In her bill of complaint Mrs. Hargett alleged that she had been a resident of and domiciled in the city of Alexandria, Va., for more than one year prior to the institution of her suit, and that such residence and domicile had continued uninterruptedly for more than one year prior to that date.

It appears from the testimony that at the time of filing her bill for divorce in the Virginia court the plaintiff was not in fact and had not been an actual resident of the state of Virginia for a period of one year prior thereto, as required by the Virginia law, and that she was not and had not been an actual resident of Alexandria at the time of filing her bill, but was in fact during said period an actual resident and domiciled in the District of Columbia.

It appears that plaintiff for the purpose only of obtaining a divorce in the Virginia court simulated and pretended to have removed her residence from the District of Columbia to Alexandria, Va. The finding of the trial court upon this point reads as follows:

"Her only reason in going to Alexandria, Virginia, and renting a room was for the purpose of obtaining a divorce. She had no intention of remaining there permanently, and she came back to her home in the District of Columbia as soon as the divorce was granted. She had a domicile in the District of Columbia. It was the matrimonial domicile at the time Hargett deserted and abandoned her, because they lived and cohabited together as husband and wife in the District of Columbia before he went to North Carolina.

"There is no occasion to review the testimony with respect to the Virginia domicile. The plaintiff was seen frequently at her home, 1324 South Carolina Avenue, S. E., during the time she claimed to be a resident of Virginia. In making application for credit with various retail stores in Washington, D. C., she gave that address, and in the Washington City Directory for the years 1923, 1924 and 1925, she is listed as residing at that place. Her own aunt saw the plaintiff at the South Carolina Avenue address during the years 1923 and 1924 whenever she visited there and never heard of her living in Virginia. A next door neighbor saw the plaintiff coming and going as usual at that address. Her two children lived there, and her work was in Washington."

The law is well settled that in such case a decree of divorce rendered by the Vir-

ginia court is not regarded as valid in the District of Columbia and is without force or effect here. Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann. Cas. 1; Bell v. Bell, 181 U.S. 175, 21 S.Ct. 551, 45 L.Ed. 804; Diggs v. Diggs, 53 App. D.C. 56, 288 F. 262; Friedenwald v. Friedenwald, 57 App.D.C. 13, 16 F.(2d) 509; Simmons v. Simmons, 57 App.D.C. 216, 19 F.(2d) 690, 54 A.L.R. 75; Frey v. Frey, 61 App.D.C. 232, 59 F.(2d) 1046, 1047.

In Frey v. Frey, supra, we said: "Undoubtedly it is true that a divorce granted in any state according to its laws by a court having jurisdiction of the cause and of both the parties is valid and effectual everywhere, but a divorce obtained by a person legally domiciled in one state who leaves that state and goes into another solely for the purpose of obtaining a divorce and with no purpose of residing there permanently, is invalid, and the state of bona fide residence may forbid the enforcement within its borders of a decree of divorce so procured. Andrews v. Andrews, 188 U.S. 14, 23 S.Ct. 237, 47 L.Ed. 366."

The trial court held accordingly that the formal marriage of the plaintiff and defendant on the 12th day of November, 1927, in the city of Washington, D. C., was void under the provisions of sections 1283 and 1284, D.C. Code (D.C. Code 1929, T. 14, §§ 1, 2). Section 1283 reads in part as follows:

"The following marriages are prohibited in the District of Columbia and shall be absolutely void ab initio, without being so decreed, and their nullity may be shown in any collateral proceedings, namely: * * *

"Third. The marriage of any persons either of whom has been previously married and whose previous marriage has not been terminated by death or a decree of divorce."

Section 1284 provides that: "Any of such marriages may also be declared to have been null and void by judicial decree."

We are constrained to hold from the testimony that neither the North Carolina divorce nor the Virginia divorce possessed any validity in law in the District of Columbia, and that on November 12, 1927 when the plaintiff and defendant intermarried in form, the ceremony was void and of no effect. We therefore affirm the decree of the lower court to this effect.

Affirmed at cost of appellee.