## BOWEN v. FINKE.

### No. 1123.

District Court of the United States for the District of Columbia.

July 2, 1940.

Jean M. Boardman, of Washington, D. C., for plaintiff.

Denny Hughes, of Washington, D. C., for defendant.

MORRIS, Associate Justice.

In this case the plaintiff alleges that the defendant fraudulently secured a divorce from William J. Finke, to whom she was married in Baltimore, Maryland, on or about March 23, 1929. Said divorce proceedings were instituted by the defendant in the Circuit Court of Baltimore City, State of Maryland, on October 24, 1936, alleging that both parties to said action were residents of the State of Maryland, whereas, in truth and in fact, it is alleged in the instant suit that said parties were then residents of the District of Columbia, and had never been residents of the State of Maryland. A decree of divorce was entered in said cause on February 23, 1937, and on June 20, 1937, at Berriville, in the State of Virginia, the plaintiff and the defendant herein entered into a ceremonial marriage, and from that time until September 8, 1938, lived together as man and wife in the District of Columbia. It appears from the answer and from the evidence taken at the hearing of this cause that the plaintiff induced the defendant to leave her husband, the said William J. Finke, made all arrangements for and paid the expenses of the divorce action had in Baltimore, Maryland, and also gave perjured testimony concerning the residence of the parties in order that the defendant could obtain said divorce, which is admitted by the plaintiff in his testimony. It further appears that the parties hereto lived together from the time of the ceremonial marriage referred to until a separation occurred on the 8th day of September, 1938, which separation was caused by domestic infelicity, and not by reason of the alleged illegal divorce.

In these circumstances, I do not believe that public policy requires action by this court at the instance of a party who has confessedly perpetrated a fraud against a court of the State of Maryland, and who now seeks equitable relief from a situation induced by his own wrong. The ruling in Frey v. Frey, 61 App.D.C. 232, 59 F.2d 1046, has fortunately been re-examined in the recent case of Goodloe v. Hawk, etc., 113 F.2d 753, decided by the Court of Appeals for the District of Columbia, June 24, 1940.

The complaint, which seeks a decree declaring the marriage between the defendant and the plaintiff to be void ab initio, will be dismissed.