## LOCOMOTIVE ENGINEERS MUT. LIFE & ACCIDENT INS. ASS'N v. DEADY et al.

### Civ. A. No. 22.

District Court, D. New Jersey.

July 19, 1940.

William H. Geraghty, of Trenton, N. J., for plaintiff.

William A. O'Brien, of Jersey City, N. J., for Clara Belle Deady.

Wilber W. Chambers, of New York City, for Bessie A. Deady, Marion Andrews, Betty D. Midinian, Eileen D. Caracristi and Virginia H. Deady.

FORMAN, District Judge.

The pleadings disclose that M. Burton Deady was issued a policy of insurance with the Locomotive Engineers Mutual Life and Accident Insurance Association, a fraternal benefit society, in the amount of $1,500 on October 1, 1933. Under the constitution and by-laws of the benefit society and the laws of the state of its incorporation, the wife and children, dependents and relatives to a limited degree could be designated as beneficiaries. The constitution and by-laws further provide: "* * * In the event of the death or disqualification, prior to the death of the insured, of all of the beneficiaries named in the policy, the proceeds of the policy shall be paid in equal parts to the surviving wife and children of the insured * * *."

The policy was originally payable to Ethel Geraldine Gaynor, described as a dependent. This beneficiary was replaced by Emma M. Downs on November 1, 1934 who was described as a cousin. The latter name was displaced on June 2, 1935 by that of Clara Belle Deady, who was described as the wife of the insured.

Conflicting claims to the fund were made by Clara Belle Deady and Bessie A. Deady and her four children by M. Burton Deady—Marion D. Andrews, Betty D. Midinian, Eileen D. Caracristi and Virginia H. Deady.

The fraternal benefit society has interpleaded these claims made against it, and has paid the money into court.

The controversy emanates from conflicting decrees of the States of New Jersey and New York with regard to the marital status of the insured.

It appears that M. Burton Deady and Bessie A. Deady were married in New York on March 2, 1904. On May 19, 1930 the insured obtained an ex parte divorce from Bessie A. Deady in the Court of Chancery of New Jersey upon grounds of desertion. Only the decree of divorce was exhibited herein.

In 1932 Bessie A. Deady brought an action against her husband, M. Burton Deady, in the Supreme Court of New York State, Westchester County, for a separation. In her complaint she alleged the ex parte divorce obtained in New Jersey was null and void for the reason, among other things, that her husband was a resident of New York State, that he had not resided in New Jersey two years prior to the institution of the action as required by the statutes of New Jersey, that she had been served in New York with a notice of the action in New Jersey by means of publication but that she did not appear or submit herself to the jurisdiction of the New Jersey court.

M. Burton Deady was served with a summons and complaint in the action for separation; he appeared therein, served an answer, and a trial was duly had, which resulted in a judgment in favor of Bessie A. Deady, declaring the ex parte New Jersey divorce null and void, setting it aside, granting Bessie A. Deady a separation from M. Burton Deady, awarding custody of the minor children to her, and giving her alimony with which to support herself and the infant children.

The court therein made the following pertinent findings of fact:

"10. That prior to the commencement of this action the defendant fraudulently and falsely claimed that he was a resident of the State of New Jersey and asserted that the plaintiff in this action was a non-resident of that state, and commenced an action in New Jersey against the plaintiff for divorce on the ground of desertion.

"11. That on or about the 23rd day of August, 1929, the plaintiff received in the mail a registered letter containing a paper which among other things required her to appear and plead, answer or demur to the petitioner's petition for a divorce in New Jersey on or before the 17th day of October next, or in default thereof such decree would be taken against her as the Chancellor shall deem equitable and just.

"12. The plaintiff was not served with a summons and petition in said action brought by the defendant within the jurisdiction of the State of New Jersey, nor did she voluntarily appear therein or submit herself to the jurisdiction of said court.

"13. That prior to the mailing of said notice and subsequent thereto the plaintiff and defendant were both residents of the State of New York and the defendant was at no time a resident of the State of New Jersey, and that any action and/or proceeding brought by him in the Court of Chancery in the State of New Jersey was and is a fraud upon the courts of that State and the courts of this State and the plaintiff herein, and any such proceeding and/or action brought by him against the plaintiff was and is void, and was and is of no effect.

"14. That under and pursuant to the provisions of the Statute of the State of New Jersey, in order to obtain a divorce the complainant must have resided continuously for two years in that state before the filing of the petition, except where the defendant has been guilty of an act of adultery in that state.

"15. That the action for divorce in the State of New Jersey entitled Mabury Burton Deady, petitioner, against Bessie Allison Ferris Deady, is not founded upon any allegation of an act of adultery by this plaintiff in the said State of New Jersey or in any other state or place.

"16. That the defendant herein did not reside in the State of New Jersey for a period of two years prior to the filing of the aforementioned petition and his pretended residence in said state was a fraud upon the courts of the said State of New Jersey and the plaintiff herein."

At the time of his death, M. Burton Deady was paying his wife, Bessie A. Deady, alimony as required by this decree. No divorce was ever granted either of them thereafter.

An appeal was taken by the said M. Burton Deady from the judgment to the Appellate Division of the Supreme Court of New York, Deady v. Deady, 240 App.

Div. 702, 265 N.Y.S. 1, where the judgment was affirmed with slight modifications on July 18, 1933.

On May 19, 1935 M. Burton Deady married Clara Belle Deady.

Our problem, precisely, is to determine whether this court must follow the New Jersey or New York decree in order that we may ascertain M. Burton Deady's marital status.

It is contended on behalf of Clara Belle Deady that the final decree of divorce in the New Jersey Court of Chancery must be given full force and effect by this court, because New Jersey is presumed to have had jurisdiction of the parties.

The cases of Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1, Atherton v. Atherton, 181 U.S. 155, 21 S.Ct. 544, 45 L.Ed. 794, and Maynard v. Hill, 125 U.S. 190, 8 S.Ct. 723, 31 L.Ed. 654, are relied upon in support of the contention that this court must follow the New Jersey decree. But none of these cases enlighten this court with regard to which of two conflicting court decisions we should follow, this being a collateral proceeding to both of the state actions. They simply do not touch upon that problem.

In addition, the cases of Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and Faris v. Hope, 8 Cir., 298 F. 727, are cited for the proposition that it is our duty to follow the law of New Jersey. The court made the following statement in the case of Faris v. Hope: "It was the duty of the trial court and is the duty of this court to give to the divorce decree the same effect that it had and has in the jurisdiction where it was rendered." 298 F. 727, 729.

The general rule expressed in Faris v. Hope has no application to a case where it appears that the decree is entitled to no weight in the state of its rendition. Erie R. R. Co. v. Tompkins is likewise distinguishable in that it does not bind us to follow invalid decrees of a state court. Indeed, that case had nothing to do with court decrees.

Bessie A. Deady argues that this court should give full force to the decree of New York, citing Yarborough v. Yarborough, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269, 90 A.L.R. 924. That case only held that one state should give full faith and credit to the valid decrees of another state. As in the cases cited by Clara Belle Deady, it does not enlighten us as to which of two conflicting court decisions we should follow. It is also contended that this court is not bound by the New Jersey decree. Cases in which the Supreme Court of the District of Columbia refused to be bound by decrees of divorce obtained in other states are cited in support thereof. Diggs v. Diggs, 53 App.D.C. 56, 288 F. 262; Benson v. Benson, 59 App.D.C. 271, 40 F.2d 159 and Friedenwald v. Friedenwald, 57 App.D.C. 13, 16 F.2d 509. This, however, is elementary law. No court will follow the fraudulent and illegal decrees of another court.

Our problem herein is complicated by the fact that we cannot ascertain that the New Jersey decree was fraudulent, except from the decree of New York. As indicated heretofore only the New Jersey decree of divorce was exhibited herein. The record supporting that decree was not offered. Hence, our only source of information affecting the validity of that decree is the complete record of the New York separation proceeding. Therein, it appears that both spouses were personally before the court, and, indeed, the husband, M. Burton Deady, unsuccessfully prosecuted an appeal from the decision rendered against him.

■ It is not contended herein that the New York court was without jurisdiction of the parties before it. It is only argued that the New York decree, though effective in New York, is ineffective in New Jersey. But the decree of New York was predicated upon a fraud consummated in New Jersey. M. Burton Deady was thereupon bound to exhaust his remedies in New York in an effort to purge the shadow cast upon his New Jersey decree. His failure so to do is res adjudicata. Mitchell v. First Nat. Bank of Chicago, 180 U.S. 471, 21 S.Ct. 418, 45 L.Ed. 627; Live Stock Nat. Bank of Chicago v. United States, 7 Cir., 106 F.2d 240; Mars v. McDougal, 10 Cir., 40 F.2d 247, and Brictson Mfg. Co. v. Close, 8 Cir., 25 F.2d 794. In the case of Brictson Mfg. Co. v. Close the court stated: "A judgment rendered by a state court of competent jurisdiction is binding and conclusive upon the parties when made the basis of a claim or defense in any court of the United States, and cannot be reviewed or re-examined as to the merits of the original controversy. It will be

conclusive as to all points and questions actually put in issue and decided in the action in the state court, whether federal, general, or local." 25 F.2d 794, 800.

 Since M. Burton Deady chose to abide by the New York decree, and pay alimony thereunder, he is bound thereby, and Clara Belle Deady stands in no better position. We conclude that Bessie A. Deady was the lawful surviving wife of the insured and that the money paid into court should be distributed to her and her children pursuant to the terms of the insurance policy providing for distribution in the event of disqualification of beneficiary.